UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ROBERT BAILEY,

                Plaintiff,

v.                                         **DECISION AND ORDER**
                                                              09-CV-914S

COUNTY OF ERIE, et al.,

                Defendants.

1.      On October 27, 2009, Plaintiff Robert Bailey filed a Complaint in the Western District of New York alleging that Defendants County of Erie, Chris Collins, individually and in his official capacity as County Executive of the County of Erie, and Rachelle J. Cybulski, individually and in her official capacity as Acting Director of the Department of Probation of Erie County, violated his rights under the Fifth and Fourteenth Amendments of the United States Constitution. In 2005 the Erie County Legislature enacted Local Law No. 7 of 2005, imposing a $35 per month administrative fee on probationers. Plaintiff seeks declaratory and injunctive relief restraining Defendants from imposing administrative fees on Plaintiff in the amount of $1365 as a result of his five year period of probation.

2.      On February 16, 2010, Defendants filed a Motion to Dismiss Plaintiff's Complaint in its entirety. (Docket No. 11.) Along with their motion, Defendants filed a Memorandum of Law in Support of FRCP 12(b)(6) Motion to Dismiss, as well as a statement of facts. (Docket Nos. 12, 13.) Plaintiff filed an Affirmation in Opposition to Notice of Motion to Dismiss Complaint (Docket No. 17) on March 3, 2010, and Defendants filed a Reply Memorandum (Docket No. 19) on March 16, 2010. For the following reasons,

Defendant's Motion to Dismiss is granted.

3.  For purposes of adjudicating the present motion, this Court assumes the truth of the following factual allegations contained in Plaintiff's Complaint. See Hamilton Chapter of Alpha Delta Phi, Inc. v. Hamilton Coll., 128 F.3d 59, 63 (2d Cir. 1997). This Court also takes note of those parts of Defendants' statements of the facts that elaborate on, and do not controvert, Plaintiff's Complaint. Plaintiff is a resident of Erie County, New York. (Complaint, Docket No. 1, ¶ 1.) On or about July 6, 2004, Plaintiff was convicted by plea of the felony of Driving While Intoxicated by the Honorable Michael Pietruszka. (Declaration of Kristin Klein Wheaton in Support of Motion to Dismiss Pursuant to FRCP 12(b)(6), Docket No. 12, ¶ 3.) Plaintiff was placed on a period of probation lasting from 2004 to August 2009. (Id.) In 2005, the Erie County Legislature enacted Local Law No. 7 of 2005. (Id. at ¶ 4.) This law established a "Probation Administrative Fee" requiring probationers to pay a monthly administrative fee of $35. (Id. at ¶¶ 4, 5.) The Erie County Probation Department contacted Plaintiff twice to demand payment. The first was by letter dated February 6, 2007 notifying Plaintiff that he was in arrears in the amount of $420 and demanding payment. (Id.) The second was also by letter dated May 29, 2009, demanding payment in the amount of $1365. (Complaint ¶ 21.) In response, Plaintiff requested a waiver of the administrative fee as well as certain documents pursuant to the New York State Freedom of Information Law. (Id. at ¶¶ 11, 14.) Defendants did not respond to Plaintiff's requests. (Id. at ¶¶ 17-19.) Plaintiff subsequently commenced the present action on October 27, 2009.

4.  Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal

of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A court may dismiss an action under this rule if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which will entitle him to relief." Cohen v. Koenig, 25 F.3d 1168, 1172 (2d Cir.1994) (quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). On such a motion, "[t]he issue is not whether a plaintiff will or might ultimately prevail on her claim, but whether she is entitled to offer evidence in support of the allegations in the complaint." Hamilton Chapter of Alpha Delta Phi, Inc., 128 F.3d at 62 (citation omitted).

5. Defendant argues that Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). In particular, Defendant argues that Plaintiff lacks standing because he has not suffered an injury in fact.

6. "The standing requirement winnows out disputes that would be inappropriate for judicial resolution for lack of three constitutionally required elements: (1) an injury in fact (2) that is fairly traceable to the defendant and (3) that is likely to be redressed by a favorable decision." Amador v. Andrews, No. 08-2079-pr, 2011 WL 3629717, at *8 (2d Cir. Aug. 19, 2011). These requirements are an "essential and unchanging part" of Article III's case-or-controversy requirement. Vt. Agency of Natural Res. v. U.S. ex rel. Stevens, 529 U.S. 765, 771, 120 S. Ct. 1858, 146 L. Ed. 2d 836 (2000). Plaintiffs bear the burden of proving standing on each of their claims. Summers v. Earth Island Inst., 555 U.S. 488, 129 S. Ct. 1142, 1149, 173 L. Ed. 2d 1 (2009).

7. To show that he has experienced an injury in fact, a plaintiff must

demonstrate that he has suffered "an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992). Past injuries are generally insufficient to establish an injury in fact, unless plaintiff can demonstrate a likelihood of future injury. See City of Los Angeles v. Lyons, 461 U.S. 95, 105-06, 103 S. Ct. 1600, 75 L. Ed. 2d 675 (1983). Such future injury must be "distinct and palpable," Warth v. Seldin, 422 U.S. 490, 501, 95 S. Ct. 2197, 2205, 45 L. Ed. 2d 343 (1975), or "certainly impending," Pennsylvania v. West Virginia, 262 U.S. 553, 593, 43 S. Ct. 658, 663-64, 67 L. Ed. 1117 (1923).

8.   Here, the Erie Probation Department sent Plaintiff a letter in May of 2009 for payment of administrative fees. However, since that time, Defendants have taken no steps to collect Plaintiff's late fees. Plaintiff's continued failure to pay has had no detrimental effect on him. To the contrary, Plaintiff was released from probation in August, 2009. (Defendants' Memorandum of Law in Support of FRCP 12(b)(6) Motion to Dismiss, Docket No. 13, 5.) The Erie County Probation Department has also closed Plaintiff's probation file. (Id.) Plaintiff does not challenge these assertions. (See Affirmation in Opposition to Notice of Motion to Dismiss Complaint, Docket No. 17, 3.) Consequently, this Court finds that Plaintiff has not suffered an injury in fact. Furthermore, although this Court does not decide whether Plaintiff would have standing to challenge enforcement of Erie County Local Law No. 7 of 2005 were he to have suffered an injury in fact, the lack of such an injury also obviates the need for any relief he might seek from that law. This Court thus finds that because Plaintiff has not suffered an injury in fact, he does not have standing to bring his claims before this Court. Accordingly, Defendants' Motion to Dismiss will be

granted.

9.      Plaintiff's reliance on BD v. DeBuono, 130 F. Supp. 2d 401 (S.D.N.Y. 2000) is misplaced.  In that case the court acknowledged that a party's claim for declaratory relief may be viable even where a party's request for an injunction is moot.  DeBuono, 130 F. Supp. 2d at 430 (citing Green v. Mansour, 474 U.S. 64, 72, 106 S. Ct. 423, 88 L. Ed. 2d 371 (1985)).  However, "a mere demand for [declaratory] relief does not by itself establish a case or controversy necessary to confer subject matter jurisdiction." Jenkins v. United States, 386 F.3d 415, 417 (2d Cir. 2004).  Having found that Plaintiff has not suffered an injury in fact, his request for a declaratory judgment would have, as to him, no effect. "[W]here 'the remedy sought is a mere declaration of law without implications for practical enforcement upon the parties, the case is properly dismissed.  S. Jackson & Son, Inc. v. Coffee, Sugar & Cocoa Exch. Inc., 24 F.3d 427, 431 (2d Cir. 1994) (quoting Browning Debenture Holders' Committee v. DASA Corp., 524 F.2d 811, 817 (2d Cir. 1975)). Consequently, Plaintiff's Complaint is properly dismissed.

IT HEREBY IS ORDERED, that Defendants' Motion to Dismiss (Docket No. 11) is GRANTED.

FURTHER, that the Clerk of the Court is directed to close this case.

SO ORDERED.

Dated:  September 24, 2011
        Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
Chief Judge
United States District Judge